UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUDITH BUDZINSKI,

                Plaintiff,                  Case No. 19-10209

v

                                         Honorable Thomas L. Ludington

FEDEX,

                Defendant.

_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

On December 3, 2018, Plaintiff Judith Budzinski filed a complaint against Defendant Federal Express Corporation ("FedEx") in the Circuit Court of Cheboygan County. ECF No. 1. She alleged that Defendant violated the Elliot Larsen Civil Rights Act by discriminating against her on account of her age and gender. *Id.* at 8. After FedEx removed the action to this Court, Plaintiff filed an amended complaint which added Jeremy Schumann, a non-diverse party, as a defendant. ECF No. 8. FedEx has now filed a motion to strike the amended complaint. ECF No. 12.

**I.**

**A.**

In her initial complaint, Plaintiff claims that she began working as a FedEx driver on July 15, 2001. ECF No. 1 at 9. In October 2016, "Jeremy Schumann ('Schumann') became her supervisor." *Id.* Plaintiff alleges that Schumann treated her less favorably than other employees. *Id.* She also alleges that he moved the employee smoking area near the employee and customer entrances despite Plaintiff's sensitivity to cigarette smoke. *Id.* at 9–10. Plaintiff complained to Schumann's boss about Schumann's inequitable treatment of her and his relocation of the smoking area. *Id.* at 10. Schumann told Plaintiff that he was reducing her pay. *Id.* Plaintiff reported this to

the human resources department and though Schumann did not reduce her pay, Plaintiff claims that he was upset that she had reported him. *Id.*

Plaintiff's complaint states that on May 29, 2018, Plaintiff "asked her son to take several packages to a FedEx facility so that she could finish her deliveries in a timely manner. Defendant fired plaintiff on June 6, 2018 for letting packages out of her custody." *Id.* Plaintiff alleges that "Schumann used plaintiff's infraction as a pretext to fire her because she is an older, female. Schumann used plaintiff's infraction in retaliation for her complaints to Human Resources, Schumann's boss and because she believed the [sic] Schumann was breaking the Michigan smoking ban law." *Id.* at 11.

**B.**

On January 22, 2019, Defendant removed the case to this Court, asserting that the Parties were diverse and the amount in controversy exceeded $75,000. ECF No. 1. However, Plaintiff's original complaint only alleged the state of Michigan minimum amount for Circuit Court subject matter jurisdiction (in other words, the amount in controversy exceeded $25,000). Accordingly, the Court issued an order to show cause why the case should not be remanded to state court for lack of federal jurisdiction. ECF No. 6. FedEx responded and provided additional evidence and analysis to demonstrate that the amount in controversy exceeded $75,000. ECF No. 11. The Court then vacated its order to show cause. ECF No. 15.

The same day that the Court had issued its order to show cause, Plaintiff filed an amended complaint, adding Jeremy Schumann as a defendant. ECF No. 8. Schumann is a Michigan resident and his addition would compromise the case's diversity of citizenship. FedEx filed a motion to strike the amended complaint and Schumann's joinder. ECF No. 12. It argued that Plaintiff amended her complaint with the intent to defeat federal jurisdiction.

**II.**

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to amend their complaint once as a matter of course within twenty-one days of serving the pleading or within twenty-one days after service of a responsive pleading. Fed. R. Civ. Pr. 15(a)(1). However, 28 U.S.C. §1447 provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447. In making its determination, the court may consider: "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 Fed.Appx. 218, 221 (6th Cir. 2016); *see also Siedlik v. Stanley Works, Inc.*, 205 F.Supp.2d 762, 765 (E.D. Mich. 2002).

**III.**

Plaintiff's amended complaint adds a new party to the case but does not appear to add any new claims or allegations. ECF No. 8. Defendant contends that "it is clear Plaintiff's intent behind amending was to defeat federal jurisdiction." ECF No. 12 at 3. Though Defendant addresses Plaintiff's alleged intent, it does not fully address 28 U.S.C. §1447 and the issue of joinder of parties.

**A.**

Rule 19 of the Federal Rules of Civil Procedure provides

(a) Persons Required to Be Joined if Feasible

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

>  > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>  > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>  >  > (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>  >  > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
>  > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>  > (2) the extent to which any prejudice could be lessened or avoided by:
>
>  >  > (A) protective provisions in the judgment;
>
>  >  > (B) shaping the relief; or
>
>  >  > (C) other measures;
>
>  > (3) whether a judgment rendered in the persons absence would be adequate; and
>
>  > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.
>
> (c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:
>
>  > (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and
>
>  > (2) the reasons for not joining that person.

Fed. R. Civ. Pr. 19.

The Sixth Circuit has explained that there is a three-step process to determine whether joinder is proper with reference to Rule 19.

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine

> whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Centers, Inc.*, 373 F.3d 656 (6th Cir. 2004) (citations omitted). Neither of the parties have addressed Rule 19 or these factors. Accordingly, it is unclear whether Plaintiff should be permitted to amend her complaint adding Schumann as a defendant.

If Schumann is not a necessary party, he may be still be a permissive party under Rule 20 which provides:

> Persons…may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Pr. 20(a)(2). Neither party has addressed the matter of permissive joinder.

**B.**

Additionally, neither party has addressed the matter of collateral estoppel which may be implicated by Rules 19 and 20. Defendant contends that Plaintiff would not be prejudiced if she is not permitted to add Schumann as a defendant in this case because "Plaintiff can fully recover from FedEx without Schumann participating as a party." ECF No. 12 at 6. Plaintiff does not respond to FedEx's contention. She does assert in her response that striking her amended complaint would "economically prejudice" her because she will be required to pursue two cases: one in this Court against FedEx and a second one in state court against Schumann.[1] ECF No. 17 at 7. In its reply, Defendant contends that it would be unnecessary for Plaintiff to pursue a separate action against Schumann because she "is entitled to only one recovery for the alleged acts described in

---

[1] Plaintiff also identifies judicial economy as weighing in favor of joinder since joinder would only require one case rather than two. *Id.*

the Complaint" and presumably, FedEx's responsibility for Schumann would be one of derivative responsibility in *respondeat superior*. *Id.* But, this presupposes that Plaintiff will succeed in her claim against FedEx in this Court. Plaintiff's claim may be dismissed. If she were to subsequently pursue a state law claim against Schumann in state court, it might be barred because she is collaterally estopped. Neither party has addressed the possible legal issues that could arise were Plaintiff entitled to and did choose to pursue a separate claim in state court against Schumann, including Schumann's potential claim for indemnity from Defendant FedEx.

Furthermore, neither party adequately addresses the issue of Schumann's liability as FedEx's employee and Plaintiff's supervisor. Defendant acknowledges that an agent "may be subject to individual liability under the Elliot Larsen Civil Rights Act." ECF No. 18 at 5. It continues by arguing that the ultimate question is "whether the employer discriminated against the plaintiff 'because of religion, race, color, national origin, age sex, height, weight or marital status.'" ECF No. 18 at 5 (quoting Mich. Comp. Laws Annt. §37.2202). Defendant reasons that because it is Plaintiff's employer, it would be unnecessary to add Schumann as a defendant. However, Defendant conceded that one of its agents could be subject to individual liability under the Elliot Larsen Civil Rights Act ("ELCRA"). Without further explanation from either party regarding the ELCRA and its application to the case, it is unclear whether Schumann is an indispensable party.

**IV.**

Accordingly, it is **ORDERED** that the Parties file **SUPPLEMENTAL BRIEFING** on the issues of: (1) necessary and permissive joinder; (2) the potential for collateral estoppel if Schumann is not joined as a party to this case; and (3) whether Plaintiff may state a claim against Schumann in addition to FedEx under the ELCRA and Schumann's entitlement to indemnity as

an agent or employee of FedEx. The briefs shall be submitted on or before April 9, 2019 and shall not exceed ten pages.

Dated: March 28, 2019                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge